## COMMONWEALTH *vs.* DENNIS DESMOND.

If the counsel of a defendant in a criminal case argues that a witness for the prosecution was an accomplice, and the prosecuting attorney in his reply assumes such to be the fact, a subsequent instruction of the presiding judge that if the jury are of opinion that the witness was not an accomplice, his testimony will not need corroboration, will entitle the defendant to a new trial.

INDICTMENT of Dennis Desmond and Thomas Sullivan tor burning in the night time the barn of John McCarty in Fall River. Trial in the court of common pleas, before *Sanger*, J., who signed the following bill of exceptions :

" The government offered David Healy, Jr. as a witness, who testified, in substance, that on the evening of the night the barn was burned, he was with the defendants for two or three hours in the streets, and around a hall where the firemen of the city were having a ball ; that while they were standing near the hall, Desmond said he would set McCarty's barn on fire and get the companies out ; that then Sullivan and the witness replied, telling him ' Not to do so ; there was no use in it ; ' that the three soon afterwards went towards McCarty's barn, and while near it Desmond requested Sullivan and the witness to wait while he went for some matches ; that Desmond went away, and they waited for his return ; that they then went nearer the barn, and that Desmond, when the three were at or near the barn, again said ' He was going to do it,' and that Sullivan and the witness told him ' not to ; ' that Desmond went to the door of the barn and opened it and went in ; that Sullivan went into the barn and told Desmond not to do it, the witness staying outside at the door ; that Desmond then lighted a match and set the hay in the barn on fire ; that all three then ran down the street, and after going a short distance, turned back and raised an alarm of fire ; went back to the building, which was then burning, and were there together at the fire, and for some time afterwards. The witness also testified that all three were somewhat intoxicated ; that the defendants were both drunk, else they would

not have done what they did. There was other evidence tend-ing to corroborate the testimony of Healy.

" Desmond and Sullivan were defended by different counsel. The counsel for Desmond argued to the jury that Healy was an accomplice, and that his testimony not being corroborated in any material point, the jury could not find a verdict against Desmond, and requested the court so to instruct the jury. The district attorney assumed and claimed that Healy was an accom-plice, and that his testimony was so corroborated as to make it the duty of the jury to convict the defendants.

" The court instructed the jury upon this point, that whether Healy was an accomplice or not was a question of law, depend-ing not upon the statements or arguments of counsel, but upon the facts proved by the legal evidence in the case ; and pro-ceeded to state what acts would make him an accomplice ; and then advised and instructed the jury that if Healy was an accom-plice, they should not find the defendant guilty on his testimony, unless it was corroborated in material points ; but that if he was not an accomplice, his testimony was to be considered and weighed like that of any other witness.

" The jury found Desmond guilty, and acquitted Sullivan. And now Desmond, by his counsel, excepts."

*J. Brown*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth. The assumption of the district attorney, that Healy was an accomplice, was merely for the purpose of making a more com-plete reply to one argument of the counsel of one of the defend-ants. And the question whether he was an accomplice was properly left to the jury.

THOMAS, J. The bill of exceptions shows that the counsel for the Commonwealth assumed and claimed that Healy, the witness, was an accomplice. He was offered as such, and from the facts reported it would seem rightly. But whether this were so or not, the admission of the fact in court by the district attorney, for the purposes of the trial, was, as against the government, conclusive evidence of such fact. And the only question to the jury was whether the witness was so corrobo-

rated by the other evidence in the case, that the jury could confide in him. Admissions made in the course of judicial proceedings are substitutes for, and dispense with, the actual proof of facts. *Exceptions sustained*